*803 OPINION.
Phillips :
Petitioner entered into an agreement with his wife for her separate maintenance and support under which certain payments were to be made to her monthly. To secure these payments securities were deposited with a trust company which became a party to the agreement between petitioner and his wife. It is the contention of the petitioner that the income from the securities deposited with the trust company is not his, but is income from a trust fund taxable either to the trustee or his wife. With this we can not agree. Under the agreement the petitioner was to make monthly payments to his wife whether or not the income from the trust fund was sufficient to make these payments. This represents a personal obligation on his part. Whether the amounts received from the trust company were paid directly to the wife or were paid to the petitioner seems immaterial. Such payments were either received by the peti *804 tioner or were so used as to pay his obligation and in either event constituted income to him. If this agreement can be said to give rise to any trust such as is contemplated by the Revenue Act, the petitioner was the beneficiary thereunder so far as the receipt of income is concerned, for the income was to be applied in payment of his indebtedness.
The situation is to be distinguished from one where a trust fund is set up for the benefit of the wife and the husband has no interest in the income from the fund. The agreement which we are here considering was no more than one for maintenance and support, with collateral deposited as security for the payment. We are accordingly of the opinion that the interest received from the bonds held under the agreement between petitioner and his wife and the bank constitutes income to the petitioner.
The evidence with respect to the gifts by petitioner to his children, while not as satisfactory as might be desired, is sufficient to establish that such gifts were made as set out in the findings of fact and that the property so given remained the property of the children until August 4, 1921. The Commissioner has included as income to the petitioner $4,770 which was received from the securities while they belonged to the children. To this extent his determination was erroneous.

Decision will be entered wider Rule 50.